IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:21-CV-890 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **R. THOMPSON, WARDEN,** | : | |
| Respondent | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Frederick Banks ("Banks"), an inmate confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania ("LSCI-Allenwood"). For the reasons set forth below, the court will dismiss the petition.

**I.    Factual Background & Procedural History**

On June 12, 2020, Banks was sentenced in the United States District Court for the Western District of Pennsylvania to an aggregate 104-month term of imprisonment for wire fraud and aggravated identity theft. (Doc. 12-1 at 1 ¶ 3, Declaration of Erin Frymoyer, Attorney for the Bureau of Prisons; Doc. 12-1 at 149-152, Sentence Monitoring Computation Data). His projected release date is February 4, 2023, *via* good conduct time. (Doc. 12-1 at 1 ¶ 3; Doc. 12-1 at 149).

In the instant habeas petition, Banks alleges that the Bureau of Prisons ("BOP") issued bogus incident reports against him to prevent him from being released to home confinement. (Doc 1 at 2). He asserts that he was issued the

following three incident reports in thirty days: one for threatening communications; one for mail abuse criminal, a code 196 violation; and one for using a text service through Trulincs, a code 296 violation. (Id. at 1-3). As a result of these incident reports, Banks alleges that staff at LSCI-Allenwood placed him in the Special Housing Unit ("SHU") and placed a threat notification in his SENTRY file. (Id.) For relief, Banks seeks release from custody, removal of the notification in his SENTRY file, restoration of good conduct time and lost privileges, expungement of the incident reports, an order directing respondents to stop issuing bogus incident reports, and an order lifting the Foreign Intelligence Surveillance Act ("FISA") warrant lodged against him. (Id. at 3). In addition, Banks moves for class certification and appointment of class counsel. (Id.)

Respondent argues that the petition must be dismissed for the following reasons: (1) the habeas petition is successive in part and is subject to the abuse of writ doctrine; (2) Banks failed to exhaust his administrative remedies with respect to incident report number 3502416; and (3) certain claims set forth by Banks are not cognizable in a habeas action. (Doc. 12). We will address each argument in turn.

**II.  Discussion**

    **A.  Abuse of Writ Doctrine**

When a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine, as set forth in 28 U.S.C. § 2244(a), may bar his claims, and states as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that

>the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

The abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."). The government bears the burden of pleading abuse of the writ. See id. at 494-95; Zayas v. I.N.S., 311 F.3d 247, 254 (3d Cir. 2002). In the instant matter, the government easily meets its burden of proof.

On April 27, 2021, Banks filed a habeas petition requesting discharge from custody, transfer to home confinement, and expungement of incident report number 3497861. Banks v. Thompson, No. 1:21-CV-777 (M.D. Pa.), Doc. 1. In the instant petition, Banks again challenges incident report number 3497861. Because Banks previously raised his challenge to incident report number 3497861 in civil action number 1:21-CV-777, the instant petition will be dismissed, in part, as an abuse of the writ.

### B. Exhaustion of Administrative Remedies

Respondent next argues that Banks failed to exhaust his administrative remedies with respect to incident report number 3502416. (Doc. 12 at 6-10). Despite the absence of a statutory exhaustion requirement, courts have consistently

3

required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal.  Moscato, 98 F.3d at 761-62.  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)).

    Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

    The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  28 C.F.R. §§ 542.10-542.19.  If an issue raised by the inmate cannot be resolved through

the administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures. 28 C.F.R. § 542.10(c). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. 28 C.F.R. §§ 542.14, 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office. 28 C.F.R. § 542.15(a).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

5

(Doc. 12-1 at 2 ¶ 5; Doc. 12-1 at 3-143, Administrative Remedy Generalized Retrieval).

On May 10, 2021, Banks was issued incident report number 3502416, charging him with forging a staff signature and staff title on a BOP form intended for federal court. (Doc. 12-1 at 144). Three days later, on May 13, 2021, Banks filed the instant habeas petition. (Doc. 1). When Banks initiated this action, the Discipline Hearing Officer ("DHO") hearing concerning incident report number 3502416 had not yet been held—the DHO hearing was conducted on May 20, 2021. (Doc. 12-1 at 144). It is quite clear that Banks did not exhaust his administrative remedies concerning incident report number 3502416 prior to commencing this action in federal court.

Banks argues that the administrative remedy process was effectively unavailable because staff failed to provide him with administrative remedy forms. (Doc. 1 at 1; Doc. 13 at 1). The record indicates otherwise. The Administrative Remedy Generalized Retrieval indicates that since Banks arrived at LSCI-Allenwood on March 31, 2021, he filed eight administrative remedies at the Institution, Regional, and Central Offices levels. (Doc. 12-1 at 140-143). Five of those administrative remedies were filed after Banks received incident report number 3502416 on May 10, 2021. (Id. at 141-143). Nothing in the record before the court establishes that Banks even attempted to pursue an administrative remedy with respect to incident report number 3502416. Despite being well aware of the BOP's exhaustion requirements, Banks failed to "avail[] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). Banks has not identified BOP actions that

6

would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Absent proper exhaustion, Banks' challenge to incident report number 3502416 is procedurally defaulted, and this claim must be dismissed. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Banks to invoke the judicial process despite failing to complete administrative review.

    **C.**    **Claims not Cognizable in a Habeas Action**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Additionally, when an inmate's challenge is to "a

condition of confinement such that a finding in [the inmate's] favor would not alter his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate.  Leamer, 288 F.3d at 542.

In the habeas petition, Banks asserts that he is subject to a FISA warrant which should be lifted, and he challenges his placement in the SHU.  (Doc. 1 at 1-3).  These claims do not impact the fact or duration of Banks' confinement and do not lie at the core of habeas.  See, e.g., In re Banks, 803 F. App'x 653, 654 (3d Cir. 2020) (finding that Banks' allegations of FISA-authorized electronic surveillance were "totally unfounded"); Parks v. Holder, 508 F. App'x 93, 94 (3d Cir. 2013) (holding that challenge to placement in the SHU did not give rise to a habeas claim).  Banks also alleges that staff at LSCI-Allenwood "illegally placed" a notification in his SENTRY file to prevent him from being released under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and to prevent him from earning credits pursuant to the First Step Act.  (Doc. 1 at 1-2).  According to the Sentence Monitoring Computation Data, the "current notifies" section identifies the entities that have simply requested this notification prior to Banks' release.  (Doc. 12-1 at 2 ¶ 7; Doc. 12- at 4).  The notification does not impact the fact or duration of his confinement.  As such, these claims are not cognizable under § 2241 and will be dismissed.

### III. Conclusion

We will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Because the court is dismissing the habeas petition, the court declines to consider Banks' request for class certification and appointment of class counsel.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       October 27, 2021